FILED

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

2023 FEB -6  PM 3: 23

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

)
)
)
)
RAMONE SHIRLEY )
_Petitioner_ )
)
v. )    Case No. S:23-Cv - 86- PGB-PRL
)          _(Supplied by Clerk of Court)_
)
)
FCC COLEMAN-LOW WARDEN GUNTHER )    **EMERGENCY OR EXPEDITE HABEAS CORPUS**
_Respondent_
_(name of warden or authorized person having custody of petitioner)_

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.  (a) Your full name:  Ramone Shirely
    (b) Other names you have used:  N/A
2.  Place of confinement:
    (a) Name of institution:  FCC Coleman-Low
    (b) Address:  Post Office Box 1031
                 Coleman, Florida 33521-1031
    (c) Your identification number:  61933-019
3.  Are you currently being held on orders by:
    ☒ Federal authorities    ☐ State authorities    ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you:  U.S.District Court for the
        Northern District of Georgia, Atlanta Division
    (b) Docket number of criminal case:  1:18-CR-407-MHC
    (c) Date of sentencing:  November 14,2019
    ☐ Being held on an immigration charge
    ☐ Other _(explain)_:

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*:

_____

_____

6.  Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:  Bureau of Prisons implementation of the
    FSA ETC's under the First Step Act of 2018.

(b) Docket number, case number, or opinion number:  N/A

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

_____

_____

_____

(d) Date of the decision or action: _____

### Your Earlier Challenges of the Decision or Action

7.  **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❏ Yes             ❏ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not appeal:  Administrative remedies procedure
is futile because the Administrative remedy cannot capably be used to obtain
some relief. Id.

8.  **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes             ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal:    The petitioner cannot engage in his administrative remedies when the administrative process cannot provide relief for Petitioner. See attached 'Memorandum of Law" in support.

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes    ☒ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:    N/A

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes    ☒ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☐ Yes    ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A),
     seeking permission to file a second or successive Section 2255 motion to challenge this conviction or
     sentence?

☐ Yes            ☒ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
     conviction or sentence:   This petitioner challenge the execution of sentence
     imposed by U.S.District Court by the Bureau of Prisons. Such as FSA ETC's
     under the First Step Act of 2018.

11.  **Appeals of immigration proceedings**

     Does this case concern immigration proceedings?

     ☐ Yes            ☐ No

     If "Yes," provide:

     (a)  Date you were taken into immigration custody:

     (b)  Date of the removal or reinstatement order:

     (c)  Did you file an appeal with the Board of Immigration Appeals?

          ☐ Yes            ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

        If "Yes," provide:
        (1)  Date of filing:
        (2)  Case number:
        (3)  Result:
        (4)  Date of result:
        (5)  Issues raised:




(d)    Did you appeal the decision to the United States Court of Appeals?
        ❏ Yes                    ❏ No
        If "Yes," provide:
        (1)  Name of court:
        (2)  Date of filing:
        (3)  Case number:
        (4)  Result:
        (5)  Date of result:
        (6)  Issues raised:




12.    **Other appeals**
        Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
        ❏ Yes                    ❏ No
        If "Yes," provide:
        (a)  Kind of petition, motion, or application:
        (b)  Name of the authority, agency, or court:

        (c)  Date of filing:
        (d)  Docket number, case number, or opinion number:
        (e)  Result:
        (f)  Date of result:
        (g)  Issues raised:

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**   Whether the BOP's "interpretation of the law" under First Step Act of 2018 violate[s] the intent of Congress. 18 U.S.C. §3632(d)(4)(C), (g)?

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The petitioner's argues that his earned time credits under the First Step Act of 2018 should be applied now because his FSA time credits equal or exceed the remaining term of his sentence. Otherwise, he disputes the BOP's "interpretation of the law" for how his time credits are calculated by the BOP's under its policy and how FSA ETC's should be properly applied.

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes          ☒ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes          ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☐ No

Page 7 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes                    ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:   Ground One was not presented in any appeal because (1) the automated BOP-wide system used to calculate FSA ETC's cannot be changed by lower level staff and is procedural deadend; and (2) Petitioner is actively being harmed by the BOP's very recently changes on January 18,2023, and he cannot timely complete the administrative remedy process without extending the length of his incarceration.

**Request for Relief**

15. State exactly what you want the court to do:   Order the Warder Gunther to immediately apply 1088 FSA ETC's days to my sentence immediately because credits equal or exceeded the remainder term of my sentence.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

On  January  26, 2023

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  01/26/2023

_____ #61933019
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

**OCALA DIVISION**

FILED

2023 FEB -6 PM 3: 23

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

RAMONE SHIRLEY,

    Petitioner,

  -vs-

FCC COLEMAN-LOW WARDEN,

    Respondent.

_____/

Case No.: _____

(to be assign by Clerk's Office)

**Emergency or Expedite Habeas Corpus Petition**

**MEMORANDUM OF LAW IN SUPPORT OF
HABEAS CORPUS PURSUANT TO TITLE 28, UNITED
STATES CODE, SECTIONS 2241, 2243**

COMES NOW Ramone Shirely, Petitioner, Pro Se, respectfully moves this

honorable Court to issue an Order, directing Warden Gunther or his Successor

at the Federal Correctional Institution-Low located in Coleman,Florida, to

correctly follow 18 U.S.C.§3632(d)(4)(A)(Pub.L.No.115-391, 132 Stat.5194 (2018))

as mandated by Congress, and not the vague and ambiguous policy adopted by

the Bureau of Prisons (BOP) in 2022 or 2023 that has been continuously deemed

invalid by several United States District Courts, including this District Court,

and immediately enter[ed] Order requiring the Respondent's to award 1088

accrued programs days (EBRR programs) and Productive Activities (PAs) under the

First Step Act, which should result in him receiving an earlier release date.

However, the FSA credits have not been applied to his sentence.

-1-

This Court has jurisdiction over this matter. Petitioner, is a federal prisoner seeking to challenge the manner, location, or conditions of his sentence's execution and therefore must proceed with a Habeas Corpus, brought pursuant to §§2241, 2243, in the Court that has jurisdiction over the prison in which he is incarcerated. Furthermore, while section 2241 generally required prisoners to complete the administrative appeals process before proceeding to court, "a court may waive the exhaustion requirement remedies are effectively unavailable or obviously futile." United States v. Mullings, 2020 U.S.Dist. LEXIS 83104 at *H2 (N.D.GA. 2020). An admiistrative remedy is unavailable if it cannot capably be used to obtain some relief. Ross v. Blake,136 S.Ct.1850 (2016); see Boz v. United States, 248 F.3d 1290, 1300 (11th Cir.2001)("a petitioner need not engage in his administrative remedies when the administrative process cannot provide relief commensurate with the claims."). The BOP's administrative remedy process cannot provide relief for Petitioner, because (1) the automated BOP-wide system used to calculate FSA ETC's cannot be changed by lower level staff and is a procedural deadend; and (2) Petitioner is actively being harmed by the BOP's very recent policy changes, and he cannot timely complete the administrative remedy process without extending the length of his incarceration. Santiago-Lug v. Warden, 785 F.3d 467 (11th Cir.2015).
With respect to the former, the BOP has recently begun usage of a centralized automated system to calculate FSA ETCs (See BOP, PS 5410.10, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 USC 3632(d)(4)(Nov. 17,2022). Because this calculation is automated, the outcome of an administrative appeal would be predetermined; Petitioner's ETC result is what the BOP's system says it must be, notwithstanding what is required by law. This renders exhaustion futile. See McCarthy v. Madigan,503 U.S. 140, 148 (1992).

The Petitioner submits this memorandum brief in support of his motion under §§2241,2243.

DATED: this ___26___ day of January, 2023.

/s/ _Mr. Ramone Shirely #6193301 9_
Mr.Ramone Shirely,Reg#61933-019
FCC COLEMAN-LOW
POST OFFICE BOX 1031
COLEMAN, FLORIDA
33521-1031

-3-

## MEMORANDUM BRIEF
## STATEMENT OF CASE

**PURSUANT**, to a plea agreement, Petitioner pled guilty to
one count of violating 21 U.S.C.§841(A)(1) and (B)(1)(B) PWTITD at least 100G
of a mix and substance contain a detect amount of Heroin and was sentenced to
84 months in Federal custody on November 14,2019.... Petitioner has been in
Federal custody since October 22,2018, See attachment A, a copy of the BOP's
Sentence Monitoring-Computation Data, and accrued all possible good time
credit (GCT).

Petitioner has now served term of imprisonment that is now equal or
exceeds the remaining term of his sentence under 18 U.S.C.§3632(d)(4)(A),(C).
During his last Program Review (Unit Team), Petitioner was advised that he
is eligible for FSA ETCs to be applied to his sentence. See attachment B, a
copy of the BOP's FSA Time Credit[s] Data.  However, the BOP's automate[d]
calculation-system have not award 1088 FSA ETCs. This automatic system is in
direct conflict with §3632(d)(4)(A),(C), it is a derivative of §3632, but
contradicting of §3635.

Petitioner is seeking for a immediately release, because his FSA ETC's
equal or exceeds the remaining term of his sentence under §3632(d)(4)(A),(C).
The BOP's reliance on a Automatic-System policy and FSA ETCs utilization
policy is substantially harm to the correct determination of Petitioner's
FSA earned time credits. Petitioner has requested to be award[ed] his 1088
FSA ETC's days to be applied to the reamining term of his imprisonment. As
Congress gave the authority to the BOP to correctly exercise discretion under

-4-

§3632 through the First Step Act of 2018. Petitioner prays this Court will intervene, and provide him with his accumlated credits which is equal to the remainder of his prison term. In other words, Shirley's request for all his time credits to be applied to his sentence now such that his release date will be moved up, and his immediately release under §§2241, 2243 is warranted now. See Workmand v. Cox, No.4:20-CV-04197-LLP, 2021 WL 1080396, at 83 (D.S.D. jan.13,2021). Ibid.

## MEMORANDUM BRIEF
## SUPPORTING CASE LAW

Petitioner alleges he is entitled to have his First Step Act credits applied to his sentence. Specifically, Petitioner claims he was awarded 1088 days of credit under the First Step Act, which should result in him receiving an earlier release date. However, the FSA credits have not been applied to his sentence.

The First Step Act of 2018 provides eligible inmates the opportunity to earn 10 days or 15 days of time credits for every 30 days of successful participation in Evidence Based recidivism reduction programs (EBRR programs) and Productive Activities (PAs). 18 U.S.C.§3632(d)(4)(A)(Pub.L.No.115-391, 132 Stat.5194 (2018)). The earned credits, knowns as First Step Act Time Credits (FSA TCs), can be applied toward earlier placement in pre-release custody, such as Residential Reentry Centers (RRCs) and home confinement, or toward a term of supervised release. 18 U.S.C.§3632(d)(4)(C). An inmate is ineligible to earn FSA TCs if they are serving a sentence for certain offenses. Inmates serving a term of imprisonment of ran offense specified in 18 U.S.C. §3632(d)(4)(D) are not eligible to earn FSA time credits.

-5-

A key substantive component of the FSA involves the development of a "risk and needs assessment system" the BOP can use to evaluate individual inmates' unique profiles. Pursuant to 18 U.S.C.§3632(a), the Attorney General was required to develop the system "[n]ot later than 210 days after the date of enactment" of the FSA on december 21,2018. 18 U.S.C.§3632(a). This deadline was met when DOJ released the prisoner Assessment Toold Targeting Estimated Risk and Needs (PATTERN) on July 19,2019.

On January 13,2022, the Defeartment of Justice announced the Bureau of prisons had finalized the FSA TC rule, which codifies BOP's procedures regarding implementation for the specific FSA provisions, including those releated to the earning and application of FSA Tcs.

Inmates will be assigned to EBRR programs and PAs based on an individualized risk and needs assessment. 28 C.F.R.§523.40(b). An eligible inmate may earn FSA TCs "for programming and activities in which he or she participated from December 21,2018 until January 14,2020." 28 C.F.R. §523.42 (b). On or after January 15,2020, an eligible inmate may use FSA TCs "if he or she is successfully participating in EBRR programs or PAs that BOP has recommended based on the inmate's individualized risk and needs assessment." Id. Inmates rated at a low or minimum risk of recidivism will earn 15 days of credits for every 30 days they successfully participate in programming, and individuals rated a medium or high risk of recidivism will earn 10 days of credits for every 30 days that they successfully participate in programming. 28 C.F.R.§523.42(c). All eligible inmates may earn time credits but only inmates with low or minimum PATTERN scores are eligible to have the time credits applied to their sentence.

-6-

For purposes of FSA time credit calculations, Respondent asserts that the BOP is in the process of creating and implementing an application to fully automate calculation so that the BOP Office of research and evaluation ("ORE") will no longer have to manually calculate time credits for each inmate. The BOP expects to "go live" with this application no later than January 3,2023, which was extend[ed] until January 18,2023. Currently, to ease the burden on staff, the BOP decide to set certain cutoff dates for manual FSA time credit calculation. Once an inmate's time credit is calculated, it will not be recalculated again until implementation of the automated computation system on January 18,2023. To date, ORE has not calculated Shirley's FSA calculations to reflect credit for the past 36 months (approximately December 2019 - January 2023) despite his Low eligibility status to earn them.

The BOP has already begun calculating time credits for eligible inmates in BOP custody. Petitioner has been found eligible to earn FSA credits. He also has a Low PATTERN score, making him eligible to have his credits applied to his sentence, which would also result[s] in earlier release date. See Robert Morrison v.Warden,FCC Coleman-Low, Case No.522-cv-70-0c-78PRL (Warden's conceding to the Petitioner's sentence been recalculated and the applicable First Step Act credits have been applied to his sentence);Mark v. Birkholtz, No.21-CV-1418 (KMM/DTS), Doc.No.32 (D.Minn. Aug 4,2022); Milchin v. Warden, No.22-CV-195 (KAD), 2022 WL 1658836, at *3 (D.Conn.May 25,2022)("Until [the petitioner] accumulates sufficient time credits to equal the remainder of his sentence, he is not eligible to have those credits applied."); Markley v. James, No.21-3067-JWL, 2021 WL 1736859, at * 4 (D.Kan.May 3,2021)(denying the petitioner's habeas corpus petition where the petitioner had not shown she was currently eligible

-7-

for the application of credits under the FSA where her accumlated credits were not equal to the remainder of his prison term). In other words, Shirley's request for all his time credits to be applied to his sentence now such that his release date will be moved up is appropriate and thus, habeas relief is warranted at this time. Shirley has been in continuous time credits earning status since ....March 4,2020. According to the BOP, as of January 19,2023, Shirley has earned 1088 days of time credits with a projected release date of December 1,2024, via a good conduct time release. Shirley will continue to earn time credits for the remainder of his term of imprisonment. See 18 U.S.C. §3632(d)(4)(C); see also 18 U.S.C.§3624(g). According to Shirley, applying 1088 days for ETC earned between December 2019 and January 18,2023 moves his projected release date to December 1,2023, and advanced RRC's date... Requiring Shirley to wait any additional time, or longer, to receive credits for time earned after December 1,2023 would prejudice him by depriving him of credits he has earned. As Respondent states, it is unclear when the automated system will be up and running. while it could be within the next 90 days, that is not guaranteed, and Respondent even hedges this statement with the caveat "absent unforeseen circumstances." Thus, the assertion that Shirley will receive these credits within the next couple months, i.e., in time for them impact the remainder of his sentence, is speculative. Since Shirley has indeed earned FSA earned time credits during his time, then they must be awarded to him and reflected in his sentence. Additionally, because of the uncertainly of the automated system's implementation and Shirley's approaching release date, it is necessary for BOP's to reevaluate the application of Shirley's credits at regular intervals, not exceed every 60 days compare[d] to BOP's 180 days.

-8-

**Furthermore,** Shirley's argue[s] that his failure to exhaust may be excused where "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action."' Shorter v. Warden, 803 F.App'x 332, 336 (11th Cir.2020)(quoting McCarthy v. Madigan, 503 U.S. 140, 146-47, 112 S.Ct.1081, 117 L.Ed.2d 291 (1992). This occurs when a petitioner can show "irreparable harm if unable to secure immediate judicial consideration of his claim.'" Id. (quoting McCarthy, 503 U.S.at 147). Although, Shirley did not exhaust his administrative remedies. Nonetheless, considering Shirley's impending release date, balancing the interests favors promptly deciding the issues Shirley raises over the institutional interests protected by the exhaustion defense.

**Therefore,** Petitioner, a prisoner incarcerated in the lowest secure facility within the BOP, respectfully submits this petition requesting this Honorable Court to immediate Order warden Gunther to correctly follow §3632 (d)(4)(C) and expedite his requests to applied his FSA ETCs to his sentence. Simply put, this Court's does "has the authority to proceed to the merits of the case rather than rely on a failure to exhaust when appropriate." Guzri, 2019 U.S.Dist.LEXIS 208173, 2019 WL 648212, at *2. Here, it would be inappropriate to dismiss Shirley's petition for failure to exhaust for two multiple reasons, in additional to the above stated reasons:

First, the BOP has already determined Shirley is eligible to apply time credits because he has earned enough time credits to equal the remainder of his sentence but must wait on automated system to calculate[d] them. The BOP has also calculated that, as of January 19,2023, Shirley's time credits amount to 1088 days. These facts among others give reason for this Court to address Shirley's

-9-

claim. Further factual development is not needed. See id. (declining to recommend dismissal for failure to exhaust because, in part, "the development and crystalization of the factual record"-"one of the important functions served by exhaustion" - was not implicated).

Second, the heart of Shirley's claim presents a question of law: whether his earned time credits under the First Step Act should be applied now because his FSA time credits equal or exceed the remaining term of his sentence or at the end of his sentence. Shirley does not directly dispute in his Petition whether certain programs or activities should qualify for First Step Act credits, if he successfully completed certain programs, or if he has had any disciplinary infractions that would diminish his credits. Instead, he simply disputes the BOP's "interpretation of the law" for how his time credits are calculated and how they should be properly applied. This narrows the dispute to one statutory construction. See Gurzi, 2019 U.S.Dist.LEXIS 208173, 2019 WL 6481212, at *2 (excusing the petitioner's failure to exhaust administrative remedies where the petitioner challenged the BOP's interpretation of a statute); see also Goodman v. Ortiz, No.20-CV-7582 (RMB), 2020 WL 5015613, at *3 (D.N.J.Aug.25,2020) (exempting the petitioner's failure to exhaust administrative remedies where the case presented 'a narrow dispute of statutory construction which is exempt from the exhaustion requirement").

Here, because the essential facts have already been developed and Shirley presents a question of law, this Court can make its decision on the record before it without need for further development. See Gurzi, 2019 U.S.Dist.LEXIS 208173, 2019 WL 6481212, at *2; see also Salter, 2021 WL 2365041, at 86 (concluding exhaustion should not excused where the petitioner presented several factual

-10-

disputes that needed to be resolved). Thus, Shirley's failure to exhaust must be excused, which would allow this Court continue onto the merits of Shirley's claim.

  2. **Whether Shirley is eligible to have his First Step Act time credits applied.**

Shirley argue[s] that his time credits earned under the First Step Act must be applied immediately to reduce his sentence and that the delay of awarding these credits directly affects the duration of his confinement. 18 U.S.C.§3632 (g).

Here, Shirley has 1088 days of earned time credits. Shirley also has a projected release date of December 1,2024, via a good conduct time release. This means that, as date of this habeas corpus filing, Shirley has less than 22 months remaining on his sentence. Thus, his earned time credits as the 1088 days the BOP calculates, he would have enough time credits that is equal to the remainder of his imposed term of imprisonment. As such, Shirley is eligible to have his time credits applied immediately. See, e.g. Mark v. Birkholz, No.21-CV-1418 (KMM/DTS), Doc.No.32 (D.Minn. Aug.4,2022)(recommedning that the petitioner's habeas petition to apply FSA time credits be denied because the petitioner's time credits were not in an amount that was equal to the remainder of his imposed term of imprisonment); see also Milchin v. Warden, No.22-CV-195 (KAD), 2022 WL 1658836, at *3 (D.Conn.May 25,2022)("Until [the petitioner] accumulates sufficient time credits to equal the remainder of his sentence, he is not eligible to have those credits applied.'"); Markley v. James, No.21-3067, JWL, 2021 WL 1736859, at *4 (D.Kan. May 3,2021)(denying the petitioner's habeas petition where the petitioner had not shown she was currently eligible for the

-11-

application of credits under the FSA where her accumulated credits were not equal to the remainder of her prison term). In other words, Shirley's request for all his time credits to be applied to his sentence now such that his release date will be moved up is not premature; thus, his habeas relief is warranted at this time. Id. Therefore, because Shirley is eligible for the application of his time credits, Shirley's First Time Act claim is presently with merits.

Done on this _26_ day of January, 2023.

Respectfully submitted
Ramone Shirley #1953301S

## DECLARATION

I, Ramone Shirley, hereby state the following under penalty of perjury, that the First Step Act of 2018 (Pub.L.115-391, December 21,2018, 132 Stat 5194) is the governing law concerning me receiving my FSA Earned time credits.

2. The Bureau of Prisons (BOP) on January 2022 codified their "procedures" regarding earning and application of time credits as authorized by the First Step Act of 2018 (FSA)(federal register, Vol.87, No.12 Wednesday, January 19, 2022. p.2705). This final codified document provided by the BOP ONLY addresses "the procedures for earning, awarding, loss, and restoration of FSA Time Credits." Id. at 2712.

3. I am eligible for the First Step Act of 2018 (see U.S.C.§3632(D)).

4. My preojected release date is December 1,2024, via Good Conduct Time.

5. I have earned FSA ETC's from continuous participation in Evidence Based recidivism reduction Programs "EBRRP's" and Productive Activities "PA" since

-12-

December 21,2018. See 18 U.S.C.§3621(h), 18 U.S.C.§3621(d)(4).

6. The Bureau of Prisons ("BOP") have accumulated FSA ETC's is the amount of 1088 days, in which I am entiled being applied to reduce my sentence at this time.

7. All FSA ETC's should have been applied no later than January 15,2022, which was the deadline for all inmates to receive their FSA ETC's as stated in the First Step Act of 2018 as passed into law by Congress.

YOUR AFFIANT SAYETH NAUGHT!

Done on this _26_ day of January, 2023.


/s/ _Ramone Shirley_ 61935019
Ramone Shirley, Affiant-Petitioner

A T T A C H M E N T

A

SENTENCING MONITORING/COMPUTATION DATA

SET FORTH PROJECTED RELEASE DATE
DECEMBER 1,2024

```
  ATLOH  540*23 *          SENTENCE MONITORING        *    06-26-2020
PAGE 001        *          COMPUTATION DATA           *    09:17:20
                           AS OF 06-26-2020


REGNO..: 61933-019 NAME: SHIRLEY, RAMONE


FBI NO...........: 982589PA3           DATE OF BIRTH: 09-22-1974  AGE:  45
ARS1.............: ATL/A-DES
UNIT.............: D UNIT               QUARTERS.....: Z02-205LAD
DETAINERS........: NO                   NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 06-01-2024

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  12-01-2024 VIA GCT REL



---------------------CURRENT JUDGMENT/WARRANT NO: 030 -----------------------


COURT OF JURISDICTION...........: GEORGIA, NORTHERN
DOCKET NUMBER...................: 1:18-CR-407-MHC
JUDGE...........................: COHEN
DATE SENTENCED/PROBATION IMPOSED: 11-14-2019
DATE COMMITTED..................: 12-30-2019
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

               FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00       $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO     AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  380     21:841 SCH I NARCOTIC
OFF/CHG: 21:841(A)(1)AND(B)(1)(B)PWTITD AT LEAST 100G OF A MIX AND SUBS
         CONTAIN A DETECT AMT OF HEROIN

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   84 MONTHS
 TERM OF SUPERVISION............:    4 YEARS
 DATE OF OFFENSE................: 10-22-2018




G0002        MORE PAGES TO FOLLOW . . .
```

```
    ATLOH  540*23 *               SENTENCE MONITORING            *      06-26-2020
    PAGE 002 OF 002 *             COMPUTATION DATA               *      09:17:20
                                  AS OF 06-26-2020


    REGNO..: 61933-019 NAME: SHIRLEY, RAMONE


    ------------------------CURRENT COMPUTATION NO: 030 -------------------------


    COMPUTATION 030 WAS LAST UPDATED ON 06-25-2020 AT DSC AUTOMATICALLY
    COMPUTATION CERTIFIED ON 02-18-2020 BY DESIG/SENTENCE COMPUTATION CTR

    THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
    CURRENT COMPUTATION 030: 030 010

    DATE COMPUTATION BEGAN..........: 11-14-2019
    TOTAL TERM IN EFFECT............:   84 MONTHS
    TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS
    EARLIEST DATE OF OFFENSE........: 10-22-2018

    JAIL CREDIT.....................:  FROM DATE     THRU DATE
                                      10-22-2018    11-13-2019

    TOTAL PRIOR CREDIT TIME.........: 388
    TOTAL INOPERATIVE TIME..........: 0
    TOTAL GCT EARNED AND PROJECTED..: 324
    TOTAL GCT EARNED................: 54
    STATUTORY RELEASE DATE PROJECTED: 12-01-2024
    TWO THIRDS DATE.................: 06-23-2023
    EXPIRATION FULL TERM DATE.......: 10-21-2025
    TIME SERVED.....................:    1 YEARS      8 MONTHS      6 DAYS
    PERCENTAGE OF FULL TERM SERVED..: 24.0
    PERCENT OF STATUTORY TERM SERVED: 27.4

    PROJECTED SATISFACTION DATE.....: 12-01-2024
    PROJECTED SATISFACTION METHOD...: GCT REL

    REMARKS.......: 6-6-20 DGCT:K/STW; 06-25-20 DGCT K/KTR




    G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

ATTACHMENT    B


FSA TIME CREDIT ASSESSMENT

## FSA Time Credit Assessment

Register Number:61933-019, Last Name:SHIRLEY

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 61933-019 | Responsible Facility: A01 |
| Inmate Name | Assessment Date.....: 01-19-2023 |
|   Last.............: SHIRLEY | Period Start/Stop...: 12-30-2019 to 01-19-2023 |
|   First............: RAMONE | Accrued Pgm Days....: 1088 |
|   Middle...........: | Disallowed Pgm Days.: 28 |
|   Suffix...........: | FTC Towards RRC/HC..: 0 |
| Gender.............: MALE | FTC Towards Release.: 360 |
| Start Incarceration: 11-14-2019 | Can Apply FTC.......: No |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-30-2019 | 01-19-2023 | accrue | 1088 |

**Cannot apply FTC**

| Facility | Category | Assignment | Start | | Stop |
|---|---|---|---|---|---|
| A01 | FSA | R-LW | 11-14-2022 | 0820 | CURRENT |

--------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-30-2019 | 04-13-2021 | accrue | 470 |

Accrued Pgm Days...: 470
Carry Over Pgm Days: 0
Time Credit Factor.: 10
Time Credits.......: 150

--------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 04-13-2021 | 05-04-2021 | disallow | 21 |

**Not in qualifying admit status**

| Facility | Category | Assignment | Start | | Stop | |
|---|---|---|---|---|---|---|
| ATL | ARS | TRANSFER | 04-12-2021 | 1151 | 04-12-2021 | 1151 |
| A01 | ARS | A-ADMIT | 04-12-2021 | 1151 | 04-12-2021 | 1635 |
| OKL | ARS | A-BOP HLD | 04-12-2021 | 1535 | 05-04-2021 | 0930 |
| A01 | ARS | RELEASE | 04-12-2021 | 1635 | 04-12-2021 | 1635 |

--------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 05-04-2021 | 01-11-2023 | accrue | 617 |

Accrued Pgm Days...: 617
Carry Over Pgm Days: 20
Time Credit Factor.: 10
Time Credits.......: 210

--------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 01-11-2023 | 01-18-2023 | disallow | 7 |

**Not in qualifying admit status**

A T T A C H M E N T   C

INDIVIDUALIZED NEEDS PLAN - PROGRAM REVIEW



**Individualized Needs Plan - Program Review**    (Inmate Copy)    SEQUENCE: 01745602
Dept. of Justice / Federal Bureau of Prisons                        Team Date: 11-08-2022
Plan is for inmate: SHIRLEY, RAMONE    61933-019

| | | |
|---|---|---|
| Facility: | MAR  MARION USP | Proj. Rel. Date:  12-01-2024 |
| Name: | SHIRLEY, RAMONE | Proj. Rel. Mthd:  GOOD CONDUCT TIME |
| Register No.: | **61933-019** | DNA Status:  YAZ04790 / 04-05-2012 |
| Age: | 48 | |
| Date of Birth: | 09-22-1974 | |

**Detainers**

| Detaining Agency | Remarks |
|---|---|
| *NO DETAINER* | |

**Current Work Assignments**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| MAR | CBL 1 | INDUSTRIES CABLE 1 | 09-30-2022 |

**Current Education Information**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| MAR | ESL HAS | ENGLISH PROFICIENT | 04-06-2012 |
| MAR | GED HAS | COMPLETED GED OR HS DIPLOMA | 04-04-2012 |

**Education Courses**

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| MAR GP | C | FINANCIAL PEACE UNIVERSITY ACE | 07-26-2022 | 08-30-2022 |
| MAR GP | C | BASIC LIFE WELLNESS | 05-13-2022 | 07-12-2022 |
| MAR GP | C | PRACTICING MINDFULNESS | 05-15-2022 | 07-12-2022 |
| MAR GP | C | HOW TO LEARN FOREIGN LANGUAGE | 05-15-2022 | 07-12-2022 |
| MAR GP | C | ACE CLASS - CURRENT EVENTS | 07-12-2022 | 07-12-2022 |
| MAR | C | ACE LANDSCAPE CONSTRUCTION | 07-20-2021 | 09-30-2021 |
| MAR | C | HOW TO BUY A CAR ACE CLASS | 07-19-2021 | 09-30-2021 |
| MAR | C | ACE BUSINESS MANAGEMENT CLASS | 07-22-2021 | 09-30-2021 |
| YAZ | C | RPP4 CCC/USPO/AUSA SEMINAR | 03-13-2014 | 03-13-2014 |
| YAZ | C | RPP5 RELEASE REQUIREMENTS | 03-13-2014 | 03-13-2014 |
| YAZ | C | RPP2 DRESS FOR SUCCESS | 03-13-2014 | 03-13-2014 |
| YAZ | C | RPP3 BANKING TUTORIAL | 03-13-2014 | 03-13-2014 |
| YAZ | C | RPP6 SELF-EVALUATION | 03-13-2014 | 03-13-2014 |
| YAZ | C | RPP1 AIDS AWARENESS | 12-12-2013 | 12-12-2013 |

**Discipline History (Last 6 months)**

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

**Current Care Assignments**

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 12-12-2013 |
| CARE1-MH | CARE1-MENTAL HEALTH | 04-06-2012 |

**Current Medical Duty Status Assignments**

| Assignment | Description | Start |
|---|---|---|
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 05-19-2021 |
| HGT RESTR | NO LADDERS/NO UPPER BUNK | 05-21-2021 |
| NO PAPER | NO PAPER MEDICAL RECORD | 04-03-2012 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 01-09-2020 |
| YES F/S | CLEARED FOR FOOD SERVICE | 01-09-2020 |

**Current Drug Assignments**

| Assignment | Description | Start |
|---|---|---|
| DAP DECL | RESIDENT DRUG TRMT DECLINED | 09-20-2021 |
| ED COMP | DRUG EDUCATION COMPLETE | 11-24-2020 |
| INELIGIBLE | 18 USC 3621 RELEASE INELIGIBLE | 06-08-2020 |
| NR WAIT | NRES DRUG TMT WAITING | 04-19-2022 |



**Individualized Needs Plan - Program Review    (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: SHIRLEY, RAMONE  61933-019

SEQUENCE: 01745602
Team Date: 11-08-2022

### FRP Payment Plan

Most Recent Payment Plan

| FRP Assignment: | **COMPLT** | **FINANC RESP-COMPLETED** | Start: **04-11-2012** |
|---|---|---|---|

Inmate Decision:  **AGREED**      **$25.00**           Frequency: **QUARTERLY**
Payments past 6 months:    **$0.00**           Obligation Balance: **$0.00**

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

** NO ADJUSTMENTS MADE IN LAST 6 MONTHS **

### FRP Deposits

Trust Fund Deposits - Past 6 months:   $175.21         Payments commensurate ?   Y

New Payment Plan:    ** No data **

### Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 12-08-2020 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 11-14-2022 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 11-14-2022 |
| N-COGNTV Y | NEED - COGNITIONS YES | 11-14-2022 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-30-2021 |
| N-EDUC N | NEED - EDUCATION NO | 11-14-2022 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 11-14-2022 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 11-14-2022 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 11-14-2022 |
| N-MEDICL N | NEED - MEDICAL NO | 11-14-2022 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 11-14-2022 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 11-14-2022 |
| N-TRAUMA Y | NEED - TRAUMA YES | 11-14-2022 |
| N-WORK N | NEED - WORK NO | 11-14-2022 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 11-14-2022 |

### Progress since last review

He has maintained clear conduct and good work reports. In addition to working in Unicor he has completed multiple ACE classes. He completed the Inmate Financial responsibility Program.

### Next Program Review Goals

Prior to your next team, you should pursue programming in Anger management, Cognitive Therapy and Money Smart First Step Act (FSA) parenting, financing, Adult Continuing Education (ACE) or Vocational Training by next program review 5/2023.

### Long Term Goals

Obtain a copy of his Birth Certificate and Social Security Card for his central file, which he can use for identification upon his release obtain this by 2/2022. To develop appropriate release plans two years from release. To be considered for placement in a residential reentry center (RRC) 17 to 19 months from his release by 5/2023. To complete the Release Preparation Program (RPP) one year from release. To be placed in an RRC prior to his release, if eligible. Continue to save for release with a goal of saving enough money for first and last month's rent prior to release 12/2023.

### RRC/HC Placement

Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources
- Offense
- Prisoner
- Court Statement
- Sentencing Commission

### Comments

FRP Complete

---

Sentry Data as of 11-14-2022        Individualized Needs Plan - Program Review   (Inmate Copy)        Page 2 of 3